221 F.2d 306
 THE EDMOND J. MORAN, Inc., as owner of THE SHEILA MORAN,
Libellant-Appellee,
v.
THE HAROLD REINAUER, her engines, etc., Reinauer Oil
Transport, Inc., Claimant-Appellant.
THE NANCY MORAN, Inc., as owner of THE NANCY MORAN, Libellant-Appellee,
v.
THE HAROLD REINAUER, her engines, etc., Reinauer Oil
Transport, Inc., Claimant-Appellant.
MORAN TRANSPORTATION CORPORATION, as owner of THE MORAN NO.
84, Libellant-Appellee,
v.
THE HAROLD REINAUER, her engines, etc., Reinauer Oil
Transport, Inc., Claimant-Appellant.
 Nos. 217, 218, 219, Dockets 23271, 23272, 23273.
 United States Court of Appeals Second Circuit.
 Argued March 14, 1955.
Decided April 5, 1955.
 
 1
 Pyne, Lynch & Smith, New York City (Warner Pyne, New York City, and James A. Dilkes, Brooklyn, N.Y., of counsel), for claimant-appellant.
 
 
 2
 Burlingham, Hupper & Kennedy, New York City (A. Howard Neely, New York City, and Robert A. Feltner, New York City, of counsel), for libellant-appellees.
 
 
 3
 Before: CLARK, Chief Judge, FRANK, Circuit Judge, and GALSTON, district judge.
 
 
 4
 GALSTON, District Judge.
 
 
 5
 The issues sought to be raised are solely fact questions concerning the existence of gasoline slick on the surface of water in a slip which caused a fire, claimant's responsibility therefor and libellants' contributory negligence. Judge Clancy in effect held that there was no proof of contributory negligence. Thus there are left the questions of the presence of the gasoline and of the claimant's liability with respect thereto.
 
 
 6
 The trial court found-- and it may be said that all of the essential findings of fact are supported by sufficient evidence to accept these findings-- that on March 22, 1948, early in the afternoon, at Port Richmond, Staten Island, the tank vessel Harold Reinauer was berthed on the west side of the dock known as the Reinauer Dock, with her starboard side to the dock. At the center of the pier, along the shore, was the tug Nancy Moran, and outside her was the Sheila Moran. At the corner of the slip made by the shore and the Reinauer wharf was the Moran No. 88.
 
 
 7
 At about 1:30 p.m. an intense fire broke out on the surface of the water in the slip, and huge yellow-orange flames arose in the air, with heavy black smoke spreading about in the area of the slip. Before the flames were extinguished the Moran vessels named in the three libels were damaged.
 
 
 8
 The Reinauer sought to explain the presence of the oil slick on the water in the basin by proof that there were two oil refineries across the Kill, somewhat to the east, and also a tank-cleaning establishment about one-half mile to the west. The trial judge found that there was no evidence to support the contention that oil from these establishments had entered the slip.
 
 
 9
 The presence of the gasoline is amply supported by the testimony of McLaughlin. He was working on the stern of the Nancy and said that the odor of gasoline was sickening, and the fumes 'very, very pronounced.' Brennan, another Moran witness, who was stationed on the bridge of the Nancy, also testified to the strong odor of gasoline in the area. In cross-examination he said:
 
 
 10
 'At the time I detected the odor, I brought it to the attention of the man that was working with me on the flying bridge; and I also brought the fact to his attention that it seemed as though the agitation of the pumps from the Harold Reinauer had something to do with it.'
 
 
 11
 The evidence establishes that the Reinauer had returned to this pier on March 20th at 10 p.m. from a two day voyage to Newburg, where it had discharged a cargo of gasoline and fuel oil. A question arose during the trial as to the construction of the Reinauer's piping system, pumps and stuffing boxes. The trial judge was emphatic in his unwillingness to accept to the testimony of the claimant's president in regard to such construction. The Reinauer's logs were missing except a rough deck log, but it was established that there was leakage from her pumps, and it was concluded that some, and possibly a good deal of gasoline and oil in her bilges accumulated during the period that she discharged cargo at Newburg.
 
 
 12
 That there was gasoline slick in the slip is undoubted; and that in some way the fire arose because of the presence of such slick also cannot be doubted. It seems, therefore, reasonably certain that the gasoline deposit in the slip emanated as leakage from the Reinauer. In such circumstances liability for the ensuing damage is clear, even though there was no proof of what ignited the slick. See Brown v. Standard Oil Co. of New York, 2 Cir., 247 F. 303; and The Santa Rita, 9 Cir., 176 F. 890, 30 L.R.A.,N.S., 1210.
 
 
 13
 The decrees of the district court are affirmed.